IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MEDICAL COST SHARING, INC.,<br>CRAIG A. REYNOLDS,<br>JAMES L. MCGINNIS,<br><br>        Defendants. | Case No. 5:22-CV-6139-DGK |

**TEMPORARY RESTRAINING ORDER AND ORDER SETTING
PRELIMINARY INJUNCTION HEARING**

This matter comes before the Court on the United States' Emergency Motion for an *Ex Parte* Temporary Restraining Order and Injunctive Relief, ECF No. 3, the purpose of which is to restrain defendants Craig Reynolds, James McGinnis and Medical Cost Sharing, Inc. ("MCS") from engaging in alleged ongoing violations of federal criminal law.

The Court has considered the motion, the exhibits filed therewith, and the supporting declaration and documentation. Based upon the foregoing, the Court makes the following findings:

(1) This Court has subject matter jurisdiction over the subject matter of this case, and there is good cause to believe that the Court has jurisdiction over the parties;

(2) Venue lies properly with this Court;

(3) The United States has made a sufficient showing in support of the relief granted herein as required by Rule 65 of the Federal Rules of Civil Procedure and 18 U.S.C. § 1345;

(4) Injunctive relief to protect the public interest is expressly authorized by 18 U.S.C. § 1345;

1

(5) Pursuant to Federal Rule of Civil Procedure 65(b), there is good cause for issuing this Temporary Restraining Order without prior notice to Defendants; and

(6) Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the United States for issuance of this Temporary Restraining Order.

**IT IS THEREFORE ORDERED** that Defendants, their agents, officers, and employees, and all other persons or entities in active concert or participating with Defendants in their affairs are hereby temporarily enjoined and restrained from:

(1) continuing to perpetrate a fraudulent scheme involving medical cost-sharing by violating the wire fraud statute;

(2) maintaining and doing business through the use of the domain mcsmedicalcostsharing.com;

(3) using the domain "mcsmedicalcostsharing.com";

(4) taking actions designed to interfere with any additional Court orders regarding this domain;

(5) using wire communications to make any fraudulent representations relating to medical cost-sharing plans or to transmit any materials that contain false statements relating to medical cost-sharing plans;

(6) soliciting or enrolling new MCS customers/members;

(7) destroying business records related to MCS business, financial, or accounting operations;

(8) cashing any checks or depositing or processing any payments from MCS members;

**IT IS FURTHER ORDERED** that GoDaddy.com shall take such steps as are necessary to prevent the public from accessing Defendants' "mcsmedicalcostsharing.com" website,

including by changing the Domain Name System (DNS) record to remove any named server and leave it blank, and shall impose a registry lock on the "mcsmedicalcostsharing.com" domain name and lock any accounts associated with the registrant of the domain name to prevent any change, transfer, or deletion of such domain name or accounts without the previous authorization of this Court.

**IT IS FURTHER ORDERED** that Defendants, their agents including financial and banking institutions—including but not limited to those listed below and any other entities having possession or control of Defendants' assets—their officers, their employees, and all persons in active concert or participating with Defendants in their affairs are hereby temporarily enjoined and restrained from:

(1) depositing, transferring, withdrawing, pledging, encumbering, disposing of, or otherwise using funds in any of the following bank accounts:

BMO Harris Account No. **********

BMO Harris Account No. **********

PayPal account No. **********

Stripe Account No. **********

CSG Forte Account MID# **********; Organization ID **********

(2) establishing any new bank accounts without informing the government in advance;

(3) dissipating, transferring, selling, withdrawing, pledging, encumbering, disposing of, or otherwise using, any personal or business assets that were derived or obtained from MCS-related activities, or that are co-mingled with money or other assets derived or obtained from MCS-related activities;

3

(4)     opening or attempting to open safe-deposit boxes and/or safes into which proceeds of MCS-related activities are deposited, transferred or placed;

(5)     destroying or otherwise discarding any records (including electronically stored information), relating to the business of MCS, including but not limited to business, corporate, banking, financial, and/or accounting records.

**IT IS FURTHER ORDERED** Defendants provide to the government, within ten (10) business days of notice of this Temporary Restraining Order, a sworn statement setting forth:

(1)     the identification of each account or asset titled in the name of any named Defendants as of December 26, 2022;

(2)     The balance of each account or a description of the nature and value of each asset under the name of any named Defendants as of December 26, 2022; and

(3)     The identification of any safe deposit box or storage facility that is either titled in the name of or subject to access by any named Defendant as of December 26, 2022.

**IT IS FURTHER ORDERED** that Plaintiff shall effect service of this Order, along with copies of the Summons, Complaint, and *Ex Parte* Motion for Temporary Restraining Order and Injunctive Relief, on the Defendants in accordance with Fed. R. Civ. P. 4, on or before 5:00 p.m. on December 29, 2022.

**IT IS FURTHER ORDERED** that this temporary restraining order shall remain in force until January 7, 2022, or until such later date as may be extended by the Court or agreed upon by the parties. Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, Defendants shall appear before this Court on January 6, 2022, at 9:00 a.m., or as soon thereafter as they can be heard, for a hearing to show cause, if there is any, why the preliminary injunction requested by the United States should not be granted.

This Court shall retain jurisdiction over this action for the purposes of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED.**

Date:  December 27, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT